UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY W. GRIMES,

           Plaintiff,

vs.                      Case No. 2:03-cv-383-FtM-29DNF

E. DAMEFF, S. DRATLER, WEXFORD, EMILE BAUDOIN D'AJOUX,

           Defendants.
_____/

**ORDER**

This matter comes before the Court upon periodic review of the file. As of the date of this Order, service of process has not been effectuated upon any of the Defendants. While, an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, Fowler v. Jones, 899 F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with any addresses for the defendants, the Court cannot meet this responsibility. Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987)[1]; See also 28 U.S.C. § 1915(d). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint. This matter is clearly

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

subject to dismissal pursuant to the 120-day provision of Rule 4(m). Plaintiff's Complaint was originally filed in the United States District Court for the Southern District of Florida on July 30, 2003 (Doc. #1). This Court provided Plaintiff with the necessary service forms and instructions to complete service on all defendants (Doc. #9). On January 31, 2006, after Plaintiff failed to return any service forms, the Court ordered Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to prosecute his claim (Doc. #10). On March 2, 2006, the Court, in response to Plaintiff's request for an extension of time, then granted Plaintiff an additional thirty days to complete the service forms (Doc. #11). The Court's March 2, 2006 Order was returned as "undeliverable" back to the Court on April 4, 2006. Plaintiff did not notify the Court of any change of address. The Clerk of Court took the initiative to determine a forwarding address for Plaintiff and re-sent the Court's Order to Plaintiff at that address. The Order was again returned as "undeliverable" due to Plaintiff release. As of this date, Plaintiff still has not returned the necessary service forms, sought an additional extension of time, or advised the Court of his forwarding address(es).

Local Rule 3.10(a) (M.D. Fla.) provides that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court

for want of prosecution."  The Court finds that Plaintiff has failed to prosecute this action by failing to return the service forms as previously ordered by the Court on two occasions and failing to keep the Court advised of his current  address.

Consequently, pursuant to Local Rule 3.10(a) (M.D. Fla.) And Fed.R.Civ.P. 4(m) the Court will DISMISS Plaintiff's Complaint without prejudice. Because the Court is dismissing this action without prejudice, Plaintiff may file a new complaint if he wishes to prosecute his claim.

ACCORDINGLY, it is **ORDERED, ADJUDGED** and **DECREED:**

1.  This case is **DISMISSED** without prejudice.

2.  The **Clerk of the Court** shall: 1) enter judgment dismissing this case without prejudice; 2) terminate any outstanding motions; and 3) close this case.

3.  If Plaintiff elects to re-file his claim, he must file a new complaint in a separate action.  Plaintiff should not place this case number on his complaint.  The Clerk will assign a separate case number if Plaintiff elects to re-file his claim.

**DONE AND ORDERED** in Fort Myers, Florida, on this   4th   day of May, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA:  hmk
Copies: All Parties of Record